UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRISTINA DAVIDSON,

Plaintiff,

v.

OREGON DEPARTMENT OF CORRECTIONS; and TONY KLEIN,

Defendants.

Case No. 6:25-cv-00780-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Christina Davidson ("Plaintiff") filed this action against the Oregon Department of Corrections and Tony Klein (collectively, "Defendants"), alleging a Fourteenth Amendment claim under 42 U.S.C. § 1983 and tort claims under state law. Before the Court is Defendants' Motion for Summary Judgment (ECF No. 6). For the reasons below, Defendants' motion is GRANTED.

**BACKGROUND**

From April 15, 2014, to March 14, 2019, Plaintiff was incarcerated at Coffee Creek Correctional Facility. Decl. Amber Knight ¶ 3, ECF No. 8. During the Summer and Fall of 2017, Plaintiff alleges that Defendant Tony Klein, a former Oregon Department of Corrections employee, sexually assaulted her on several occasions. Compl. ¶¶ 1, 5-6, 10, 13, ECF No. 1. In

July of 2023, Defendant Klein was criminally convicted of sexually abusing several adults in custody at Coffee Creek Correctional Facility. Decl. Kevin T. Lafky ¶ 2, ECF No. 17.

On March 11, 2025, Plaintiff filed her Complaint in Marion County Circuit Court. ECF No. 1. Following Defendants' removal, this Court received Plaintiff's Complaint on May 8, 2025. *Id.* Defendants then moved for summary judgment. ECF No. 6.

**STANDARDS**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## DISCUSSION

### I. Propriety of Defendants' Motion for Summary Judgment

Plaintiff first asserts that Defendants' Motion for Summary Judgment is improper. A party may raise a statute of limitations defense in either a motion to dismiss or a motion for summary judgment. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). If it is apparent on the face of the complaint that the statute of limitations has run, a party may raise the defense by a motion to dismiss. *Id.* If the party supplements the pleadings with other evidence, the party may raise the defense through a motion for summary judgment. *Id.* Summary judgment is appropriate only when all parties are "permitted to present all material pertinent to the motion." *Id.* (citing Fed. R. Civ. P. 56). When a court considers materials outside of the pleadings, the court's "order must be considered a summary judgment under Federal Rule of Civil Procedure 56." *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981) (citing *Jablon*, 614 F.2d at 682).

In this case, Plaintiff had the opportunity to present all material pertinent to Defendants' statute of limitations arguments. Both Plaintiff and Defendants supplemented their briefing with declarations. ECF Nos. 6-9, 17. The Court relies on these declarations to reach its decision. Accordingly, a summary judgment motion is an appropriate vehicle for Defendants' statute of limitations arguments.

### II. Defendants' Motion for Summary Judgment

Defendants move for summary judgment, arguing that Plaintiff failed to give proper tort claim notice of her state claims and that all her claims are barred by the relevant statutes of limitations. The Court does not reach the tort claim notice arguments because this case can be resolved on statute of limitations grounds.

Plaintiff's claims are barred by the statute of limitations because she was injured in 2017 and did not file her Complaint within two years of that injury. Plaintiff contends that the discovery rule applies and her claims did not accrue until 2023, because she did not know that the contact constituted sexual assault until Defendant Klein was convicted in his criminal trial. To defeat Defendants' summary judgment motion, Plaintiff must "come forward with evidence establishing a triable issue of fact with regard to whether the discovery rule applies." *O'Connor v. Boeing N. American, Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

**A. Plaintiff's Federal Claim**

Plaintiff alleges that Defendants violated her Fourteenth Amendment right to equal protection of the law. She brings this claim against them as state actors under 42 U.S.C. § 1983.

"Section 1983 does not contain its own statute of limitations. Instead, claims brought under [Section] 1983 are subject to the forum state's statute of limitations for personal injury suits." *Thomas v. County of Humboldt, California*, 124 F.4th 1179, 1191 (9th Cir. 2024) (quotation marks and citations omitted). "Oregon's general tort statute provides a 2-year statute of limitations." *Plumeau v. School District No. 40*, 130 F.3d 432, 438 (9th Cir. 1997) (citing Or. Rev. Stat. § 12.110(1)).

The statute of limitations begins to run on the date a claim accrues. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quotation marks and citation omitted). A claim accrues "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008). This is "ordinarily . . . on the date of the injury." *Pouncil*, 704 F.3d at 573-74.

Here, Plaintiff argues that, although she was injured in 2017, "her discovery that the contact had constituted sexual assault when Defendant Klein was charged and convicted in 2023 compounded and amplified the harm done by the initial contact." Pl.'s Resp. 4, ECF No. 16. Plaintiff further contends that "[she] was violated anew upon discovering that Defendant Klein's actions . . . were so clearly considered sexual assault that [he] was facing federal charges for them." *Id.*

Plaintiff's argument fails in light of Ninth Circuit precedent. For example, in *Lukovsky*, the Ninth Circuit noted that the "discovery rule . . . is already incorporated into federal accrual law," and held that a "claim accrues upon awareness of the actual injury, . . . not when the plaintiff suspects a legal wrong." 535 F.3d at 1048-49 (quotation marks and citation omitted). Plaintiff alleges that Defendant Klein harmed her in 2017, and she does not assert anything else that allows this Court to conclude that she was unaware of her injury or its cause in 2017. The Supreme Court and Ninth Circuit have emphasized that courts must focus on the time when the acts occurred, not when "'the consequences of the acts became most painful.'" *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (quoting *Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979)). Thus, the harm Plaintiff felt during Defendant Klein's criminal trial in 2023 did not impact the date on which Plaintiff's claim accrued.

Because Plaintiff's Section 1983 claim accrued in 2017 and she did not file this action until 2025, the two-year statute of limitations bars this claim.

**B. Plaintiff's State Claims**

Plaintiff also brings state law claims for sexual battery and intentional infliction of emotional distress.

The parties dispute whether the statute of limitations for these claims is the two-year statute under Or. Rev. Stat. § 30.275(9), or the five-year statute under § 12.118(1). Defendants

are correct that the two-year statute applies. Under ORS 30.275(9), "*notwithstanding any other provision of ORS chapter 12 or other statute* . . . an action arising from any act or omission of a public body or an officer, employee or agent of a public body . . . shall be commenced within two years after the alleged loss or injury." ORS 30.275(9) (emphasis added); *see also Bell v. Tri-County Metro. Transp. Dist.*, 353 Or. 535, 537-38, 548 (2013) (holding that ORS 30.275(9) applies despite another "statute providing a limitation on the commencement of an action" because of the "notwithstanding" clause). Accordingly, notwithstanding the five-year period allowed by ORS 12.118(1), ORS 30.275(9)'s two-year period controls here, where Plaintiff's claim arises from acts by a public body and an officer of that public body.

Similarly to federal law, Oregon law provides that "the statute of limitations does not begin to run until a reasonably prudent plaintiff perceives both the injury and the role that the defendant has played in that injury." *T.R. v. Boy Scouts of America*, 344 Or. 282, 291-92 (2008). Accordingly, Plaintiff's state law claims are time-barred for the same reasons as her federal claim.

**CONCLUSION**

For the reasons above, Defendants' Motion for Summary Judgment (ECF No. 6) is GRANTED.

DATED this 26th day of November 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge